# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary C. Randall, ) | C/A No.: 1:16-255-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Richard M. Tierney, C.P.C.U., ACI ) | |
| Branch Manager; and Michael C. ) | |
| Pedersen, Amica Adjuster, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Mary C. Randall ("Plaintiff"), proceeding pro se, brought this insurance claim against Amica Insurance Company ("Amica") employees Richard M. Tierney and Michael C. Pederson ("Defendants").[1] This matter comes before the court on Defendants' motion to dismiss filed on February 25, 2016, pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 22]. On February 25, 2016, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedures and possible consequences if she failed to adequately respond to the motion to dismiss. [ECF No. 24]. The motion to dismiss having been fully briefed [ECF Nos. 27, 30], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to

---

[1] Although Amica was not named as a defendant in the complaint, Plaintiff's claims appear to be against Amica and Defendants appear to assume Amica is the true defendant. Because Plaintiff has indicated an intention to amend her complaint to clarify her claims against Amica, the undersigned's discussion includes discussion of Amica's liability.

the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district judge grant Defendants' motion and dismiss Plaintiff's complaint without prejudice.

I.     Factual and Procedural Background

Plaintiff, a resident of New York, had an automobile collision with another car in or near Aiken, South Carolina, on January 30, 2015. [ECF No. 1-20 at 1–2]. Plaintiff was insured under an automobile liability policy issued by Amica. *Id*. Amica investigated the accident through its South Carolina Branch Manager Richard M. Tierney and its adjuster Michael C. Pedersen. The investigation revealed that Plaintiff received a ticket as a contributor to the accident by improper lane change. *Id*. The other driver was not charged with any wrongdoing. *Id*.

After hiring an attorney, Plaintiff pled no contest to the citation on April 21, 2015, paid a $30 fine, and received two points on her driving record. [ECF No. 1-10 at 5]. The driver of the other vehicle and a volunteer fireman were present to testify against Plaintiff had she proceeded to trial, as well as the officer. *Id*.

The other driver and her two children/passengers asserted three personal injury claims and one property damage claim against Plaintiff. After evaluating the information, Amica accepted liability and began settlement negotiations on the personal injury and

property damage claims. [ECF No. 1-22 at 29–30].[2] Plaintiff disagreed with Amica's liability decision and provided it with the black box data from her vehicle. Amica then forwarded the information for analysis by a consulting firm specializing in accident reconstruction and data interpretation. *Id*. The reports and preimpact data of Plaintiff's Toyota Prius indicated it traveled to its left/driver side to a point where the collision occurred to its right/passenger side rear, as indicated on the police report. *Id*. The data also indicated that Plaintiff's Prius was moving at a rate of 16.3 miles per hour at the time of the impact and was not stationary in a median lane, as Plaintiff claimed. *Id*. at 12, 29–30. The analysis and review of the data did not change Amica's liability decision.

> Plaintiff's automobile liability policy with Amica provides as follows:
>
> [Insurer] will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the insured . . . [Insurer] will settle or defend, as we consider appropriate, any claim or suit asking for these damages . . . .

[ECF No. 1-22 at 24]. Defendants now argue the case should be dismissed because Amica fulfilled its contractual obligations under the insurance policy and has no duty to defend Plaintiff in her criminal charges.[3]

II.     Discussion

    A.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must

---

[2] According to Defendants, Amica eventually settled the three bodily injury claims and one property damage claim for $56,176.90. [ECF No. 22 at 2].

[3] Because Plaintiff clarified that she is not alleging that Amica should have defended her criminal charges [ECF No. 27-1 at 30], the undersigned does not address this argument.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Although Plaintiff's complaint does not specify any particular cause of action, she has indicated that she intends to amend her complaint to allege claims for breach of contract, bad faith, and fraud.

1.     Breach of Contract

To the extent that Plaintiff asserts a breach of contract claim, she fails to cite to a specific clause of the insurance contract that Amica allegedly breached. Although Plaintiff disagrees with Amica's decision to accept liability, she does not dispute that the insurance policy states that Amica has the right to settle or defend as it considers appropriate.

Insurance contracts are subject to "the general rules of contract construction." *Hansen ex rel. Hansen v. United Servs. Auto. Ass'n,* 565 S.E.2d 114, 116 (S.C. Ct. App. 2002) (citing *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.,* 392 S.E.2d 460, 461 (S.C. 1990)). The primary purpose of all rules of contract construction is to determine the intent of the parties. *Id.* "If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *Schulmeyer v. State Farm Fire & Cas. Co.,* 579 S.E.2d 132, 134 (S.C. 2003) (citation omitted). Plaintiff cannot prevail on a breach of contract claim based on Amica's acceptance of liability because the policy unambiguously gives Amica the right to settle a claim against Plaintiff. *See, e.g., Southard v. Pye*, 2006-UP-309, 2006 WL 7286055, at *3 (S.C. Ct. App. July 7, 2006) (finding no error in compelling a settlement by insurer against insured's wishes because the contract unambiguously gave insurer the right to

"investigate, negotiate, and settle" any claim covered by the policy).

       2.     Bad Faith

Plaintiff accuses Amica of bad faith in her pleadings. "Bad faith is a knowing failure on the part of the insurer to exercise an honest and informed judgment in processing a claim. . . . [A]n insurer acts in bad faith where there is no reasonable basis to support the insurer's decision." *American Fire & Cas. Co. v. Johnson*, 504 S.E.2d 356, 358 (S.C. Ct. App. 1998); *see also Cock-N-Bull Steak House v. Generali Ins. Co.*, 466 S.E.2d 727 (1996). Additionally, "a liability insurer owes its insured a duty to settle a personal injury claim covered by the policy, if settlement is the reasonable thing to do." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 343, 349 (S.C. Ct. App. 1988).

Plaintiff has not shown that Amica had no reasonable basis to support its decision. On the contrary, Amica was faced with the following information that supported settlement: (1) the police report found Plaintiff at fault; (2) the other driver had multiple witnesses to testify against Plaintiff at the criminal trial; (3) Plaintiff pled no contest to the criminal charges; (4) an independent consulting firm reviewed the black box data, which contradicted Plaintiff's statement that she was stationary in the median at the time of the accident; and (4) after multiple attempts, an additional witness from the police report could not be reached. Although Plaintiff notes that the black box data revealed her brakes were on at the time of the collision, even with her brakes applied, she was traveling at 16 miles per hour. Therefore, Plaintiff has failed to allege facts showing that Amica's settlement decision had no reasonable basis.

3.  Fraud

To state a claim for fraud, the plaintiff must allege (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *M.B. Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (S.C. 1980). Additionally, a claim of fraud is held to a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Fourth Circuit Court of Appeals has held that the rule requires pleading of the time, place, and contents of the false representations, as well as the identity of the person making the representations. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Rule 9(b) serves four purposes: (1) to put the defendants on notice so that they have sufficient information to formulate a defense; (2) to protect defendants from frivolous suits; (3) to eliminate fraud actions in which all facts are learned after discovery; and (4) to protect the defendants from harm to their goodwill and reputation. *Id*.

Plaintiff has generally alleged many of Defendants' statements were lies, but she has not shown any of the other elements of fraud are present. Plaintiff's failure to include factual allegations in her complaint that address each element of a fraud claim is fatal her

7

cause of action.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [ECF No. 22] be granted, but that such dismissal be without prejudice. The undersigned recommends Plaintiff be allowed 15 days from the district judge's order to file an amended complaint. If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

Finally, the undersigned denies Defendants' motion for a hearing [ECF No. 31] because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

IT IS SO RECOMMENDED.

April 18, 2016                                      Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).