# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Mary C. Randall, ) | Civil Action No. 1:16-cv-00255-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Richard M. Tierney, CPCU, *in his official* ) | |
| *capacity as Branch Manager*; ) | |
| Michael C. Pederson, *Amica Adjuster,* ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Mary C. Randall ("Plaintiff"), proceeding pro se, brings this action seeking relief from Amica Insurance Company ("Amica") employees Richard M. Tierney, CPCU, and Michael C. Pederson (collectively "Defendants"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 32), filed April 18, 2016, recommending that Defendants' Motion to Dismiss (ECF No. 22) be granted without prejudice if Plaintiff filed an amended complaint within 15 days of the instant order. For the reasons below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 32), **DISMISSES** the Complaint (ECF No. 1) without prejudice, and acknowledges Plaintiff's Amended Complaint (ECF No. 35) was timely filed on May 6, 2016, pursuant to the Magistrate Judge's Report.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report (ECF No. 32) is accurate, and the court adopts this summary as its own. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections (ECF No. 34).

1

On January 27, 2016, Plaintiff filed an action that disagreed with Defendants' liability decision, which was not in her favor, related to a traffic accident. (ECF No. 1 at 5-9.) Plaintiff requested that the court review evidence that was "never accepted into determining the outcome of who caused the accident." (ECF No. 1 at 10.) Additionally, Plaintiff sought relief in the form of punitive damages for the alleged bad faith on the part of Defendants, which allegedly caused her emotional harm. (*Id.*) On February 25, 2016, Defendants filed a Motion to Dismiss, arguing that Plaintiff fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 22.) Plaintiff filed timely objections to the Report (ECF No. 32) on May 5, 2016, arguing that Defendants failed to adequately represent her in the insurance claim. (ECF No. 34.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Furthermore, failure to file specific written objections to a report and

2

recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

### III. ANALYSIS

The Magistrate Judge determined that Plaintiff's Complaint (ECF No. 1) did not specify any particular cause of action. (ECF No. 32 at 5.) However, the Report did note that Plaintiff intended to amend the Complaint (ECF No. 1) to allege claims for breach of contract, bad faith, and fraud. (ECF No. 32 at 5.)

First, the Magistrate Judge found that Plaintiff could not prevail on a breach of contract claim because Plaintiff failed to cite a specific clause in the insurance contract that Defendants breached. (*Id.* at 5 (citing *Southard v. Pye*, 2006-UP-309, 2006 WL 7286055 at *3 (S.C. Ct. App. July 7, 2006)).) Next, the Magistrate Judge determined that Plaintiff failed to allege facts showing that Defendants' decision to settle was unreasonable. (*Id.* at 6 (citing *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 343, 349 (S.C. Ct. App. 1988)).) Finally, the Magistrate Judge stated that while Plaintiff alleged Defendants lied, no other elements of fraud were established. (*Id.* at 7 (citing *M.B. Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (S.C. 1980); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).)

Plaintiff objects to the Report (ECF No. 32) and provides this court with a substantial amount of exhibits for review as attachments. (ECF No. 34.) However, because Plaintiff's Objection (ECF No. 34) does not focus on the issues set forth in the Report (ECF No. 32), this court is not obligated to provide *de novo* review because Plaintiff fails to articulate specific objections. Instead, Plaintiff restates the arguments already considered by the Magistrate Judge.

Consequently, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quoting an advisory committee note in Fed. R. Civ. P. 72). Upon review of the record, no clear errors were found.

## IV. CONCLUSION

After a thorough review, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 32), **DISMISSES** the Complaint (ECF No. 1) without prejudice, and acknowledges Plaintiff's Amended Complaint (ECF No. 35) was timely filed on May 6, 2016, pursuant to the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 2, 2016
Columbia, South Carolina

4