# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Mary C. Randall, | ) |
| | ) Civil Action No.: 1:16-cv-00255-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Richard M. Tierney, C.P.C.U., ACI Branch Manager; and Michael C. Pedersen, Amica Adjuster | ) |
| | ) |
| Defendants. | ) |

Plaintiff Mary C. Randall ("Plaintiff") filed a *Pro se* insurance claim ("amended Complaint") against Amica Insurance Company ("Amica") and its employees Richard M. Tierney and Michael C. Pederson (collectively "Defendants") (ECF No. 35).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On January 11, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court to grant Defendants' motion to dismiss (ECF No. 50) and dismiss Plaintiff's amended Complaint (ECF No. 35) with prejudice. (ECF No. 60.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed on January 23, 2017. (ECF No. 64.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** Plaintiff's amended Complaint (ECF No. 35) with prejudice and **GRANTS** Defendants' motion to dismiss. (ECF No. 50.)

1

# I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See* ECF No. 60.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

On January 27, 2016, Plaintiff filed a Complaint against Defendants. (ECF No. 1). On February 25, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint. (ECF No. 22). On April 18, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court to grant Defendants' motion to dismiss, but that Plaintiff be allowed 15 days from the date of the order to file an amended Complaint. (ECF No. 32.) On May 6, 2016, Plaintiff filed an amended Complaint. On August 3, 2016, the court adopted the Magistrate Judge's Report and dismissed Plaintiff's original Complaint without prejudice, but finding Plaintiff's amended Complaint as timely filed. (ECF No. 44). On September 28, 2016, Defendants filed a motion to dismiss Plaintiff's amended Complaint. (ECF No. 50.)

In this case, the Magistrate Judge recommended the court to grant Defendants' motion to dismiss and dismiss Plaintiff's amended Complaint with prejudice. (ECF No. 60.) The Magistrate Judge determined that Plaintiff failed to plead any breach of contract claim against Defendants and had no reasonable basis to support her bad faith claim against Amica concerning its settlement decision on personal injury and property damage claims against Plaintiff. (*Id*. at 6-7.) The Magistrate Judge further determined that Plaintiff failed to plead allegations of her fraud claim with particularity against Defendants. (*Id*. at 9.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that,

under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## III. DISCUSSION

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

In her Objections, Plaintiff merely asserts that "I clearly stated that AMICA fraudulently found me liable for an accident where I was hit on the side and my brakes were on." (ECF No. 64 at 2.) Plaintiff fails to challenge the Magistrate Judge's conclusion that she did not allege any facts that constituted a breach of contract and/or bad faith claim against Amica concerning its settlement decision on the personal injury and property damage claims against Plaintiff. Furthermore, Plaintiff failed to state factual allegations as to her fraud claim against Defendants.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 60). It is therefore ordered that Plaintiff's amended Complaint (ECF No. 35) is **DISMISSED** with prejudice and Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 7, 2017
Columbia, South Carolina